IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVONTE MD KING, | 8:21CV232 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| TOBY SMITH; ANDREW J. VAN VELSON; and KENDELL ALLISON, | |
| Defendants. | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff alleges that since February 2021, Andrew J. Van Velson, a deputy county attorney, "has been uttering forged/false instrument into the public verbally and by way of false instruments forged with my property/myself information into the public in return caused injury and loss" (Filing 7, p. 1); that on February 25, 2021, Kendell Allison, a police officer, "trespass by way of false emergency" and then "searched my private property and entered forged/false instruments into the public in return causes injury and loss." (Filing 7, p. 5); and that on March 10, 2021, Toby Smith, another police officer, "trespass by way of false emergency falsely arrested me forged instrument" and then "enter forged/false instruments into the public in return causes injury and loss" (Filing 7, p. 5). Plaintiff believes he has "the right to acquire private property under the right of life liberty and the pursuit of happiness" and that he "can travel from point a to point b in private property without interference of police or court or deputy attorneys committing forgery under the guise commercial activity or public interest ..." (Filing 7, p. 4).[1]

---

[1] Plaintiff has claimed in previous litigation that motor vehicle registration and licensing laws do not apply to him as a "sovereign citizen." *See King v. Smith*, No.

## II.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

On its face, Plaintiff's complaint presents only state-law claims for trespass, false arrest, and forgery. Plaintiff's asserted right to life, liberty, and the pursuit of happiness is even stated to be based on the Nebraska Constitution. (Filing 7, p. 1.) This reliance upon state law appears to be a deliberate pleading choice. Plaintiff has previously asserted federal constitutional claims regarding these incidents, without success.

---

4:21CV3060, 2021 WL 1820484, at *2 (D. Neb. May 6, 2021); *King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307, at *2 (D. Neb. Apr. 7, 2021); *Reed v. Hovey*, No. 4:20-CV-3151, 2021 WL 949612, at *2-3 & n. 2 (D. Neb. Mar. 12, 2021).

Plaintiff sued Officer Allison twice before in § 1983 actions for the February 25, 2021 traffic stop. *See King v. Allison*, No. 4:21CV3052, 2021 WL 1820478 (D. Neb. May 6, 2021) (finding on initial review that complaint was subject to preservice dismissal for failure to state a claim upon which relief may be granted); *King v. Allison*, No. 4:21CV3053, 2021 WL 2778558, at *3 (D. Neb. July 2, 2021) (same result). Plaintiff also sued Officer Smith in a § 1983 action for the March 10, 2021 traffic stop. *See King v. Smith*, No. 4:21CV3060, 2021 WL 1820484, at *1 (D. Neb. May 6, 2021) (likewise finding complaint failed to state a claim upon which relief may be granted). In each case, after discussing the claims at some length, the court gave Plaintiff leave to amend, but he failed to do so and the cases were dismissed without prejudice.

Treating the present action as asserting only state law claims,[2] it will be dismissed for lack of subject matter jurisdiction because diversity of citizenship is not alleged. *See* 28 U.S.C. § 1332.

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice for lack of subject matter jurisdiction.

2. Judgment will be entered by separate document.

Dated this 13th day of September 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[2] If the present case were to be treated as a § 1983 action, it would also fail to pass initial review. There simply are no facts alleged to create an inference that any defendant violated Plaintiff's federal constitutional rights.